HORACE B. CARLEY *vs.* ALMIRA R. CARLEY.

A decree of divorce, obtained by fraud, and without the libellee's knowledge, may be set aside on the application of the libellee during the same term.

LIBEL for divorce from the bond of matrimony, on the ground of desertion. The libellant alleged in his libel, that the residence of his wife had been for some time, and then was, unknown to him; and the only notice given was by publication in a newspaper. On an *ex parte* hearing, a decree for the divorce prayed for was entered upon the docket, and a certificate thereof given to the libellant, by order of the court.

Subsequently, at the same term, and before the record was extended and fully made up, the libellee appeared, and petitioned that said decree might be vacated on the ground of fraud; and on this petition a rule was issued, and duly served upon the libellant.

At the hearing, before *Merrick*, J., it was proved that the libellant resided in Boston, and that the libellee resided and had resided for many years in Cambridge; that the libellant's allegation of ignorance of his wife's abode was untrue, and was made by him with the fraudulent intention of deceiving the court, and preventing actual notice from reaching the libellee; that the libellant had been advised by counsel that he could not obtain a divorce if it was resisted by the libellee; and that he had reason to believe that she would resist it if she had notice. It further appeared that she did not know that the libel was pending until after the decree; that she thereupon intervened with diligence; that it was her intention to defend the libel if she could lawfully do so; and that there was reason to believe that she had good grounds of defence.

Upon these facts, the libellant contended, that it was not in the power of the court to vacate the decree upon any terms; and the judge reserved that question for the consideration of the full court.

*R. H. Dana, Jr.* for the libellee, cited 3 Dan. Ch. Pract. 1615,

46 *

Richardson *v.* Forepaugh & trustee.

1624; *Stickney* v. *Davis*, 17 Pick. 169; *The Herstelder*, 1 Rob
Adm. 118; *The Harmony*, 2 Dodson, 78; *French* v. *Chittenden*,
10 Verm. 127; *Colvin* v. *Colvin*, 2 Paige, 385; *Dunn* v. *Dunn*,
4 Paige, 425; *Allen* v. *Maclellan*, 12 Penn. State R. 328; *Johnson*
v. *Johnson*, Walker, 309; Bishop on Mar. & Div. §§ 694, 695;
*Gleason* v. *Dodd*, 4 Met. 333; *Brewer* v. *Holmes*, 1 Met. 288.

*F. J Butler*, for the libellant, cited *Greene* v. *Greene*, 2 Gray,
361; *Lucas* v. *Lucas*, 3 Gray, 136.

By the Court. We entertain no doubt of the power of the
court, upon an application made at the same term at which the
decree was passed, and before the record was extended, to set
aside the decree as fraudulently obtained. And the facts re-
ported present a fit case for the exercise of this power.

*Decree vacated.*